IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS E. SAUNDERS JR. and KATHERINE SAUNDERS, | CV 23–8–M–DLC |
| Plaintiffs, | |
| v. | ORDER |
| AMERICAN HERITAGE MOVING SOLUTIONS, LLC, | |
| Defendant. | |

On January 13, 2023, Plaintiffs, proceeding pro se, filed their Complaint for Violation of Civil Rights seeking compensatory and punitive damages from Defendants under United States Code, Title 49, Subsection IV, Part B, and 18 U.S.C. § 1341.  (Doc. 1.)   Plaintiffs allegedly hired Defendant American Heritage Moving Solutions LLC ("American Heritage") to transport their household belongings during a cross-country move to northwest Montana and American Heritage subcontracted with Defendant US Safe Moving LLC ("US Safe Moving") to perform the job.  (*Id.* at 5.)  Plaintiffs claim they paid a down payment of $1,456.65 on August 18, 2022; an additional $1,300 for extra space on September 25, 2022; and "2 cashier Checks for $1,420" in pick-up and delivery fees, totaling $5,595.65.  (*Id.* at 5–6.)  US Safe Moving allegedly failed to deliver their

belongings after Plaintiffs refused to pay an additional $6,287.74 upon delivery.
(*Id.*)  Plaintiffs claim American Heritage did not include this amount in the
original contract.  (*Id.*)

On April 26, 2023, the Court entered an Order addressing Plaintiffs' filings.
(Doc. 25.)  The Court granted Plaintiffs' Motion to Proceed in Forma Pauperis and
screened the Complaint pursuant to its authority under 28 U.S.C. § 1915(e)(2).  (*Id.*
at 3, 8.)  The Court dismissed Plaintiffs' claims arising under 18 U.S.C. § 1341 and
49 U.S.C. § 14710.  (*Id.* at 7.)  However, the Court construed Plaintiffs' Complaint
as asserting viable claims under 49 U.S.C. § 14704, which provides a private right
of action for certain violations of the Motor Carrier Act.  (*Id.* at 5–7.)

The Court ordered service of the Complaint on Defendants.  (*Id.* at 9.)  The
Clerk of Court mailed the Complaint, the Court's Order, a Notice of Lawsuit and
Request to Waive Service of Summons, and a Waiver of Service of Summons to
Defendants at the addresses provided by Plaintiffs.  Defendants failed to return the
signed waiver within the 30 day deadline in the Rule 4 Notice of a Lawsuit and
Request to Waive Service of Summons.  (Doc. 25-1.)  Because Plaintiffs are
proceeding in forma pauperis, the Court has the responsibility of having the
Complaint properly served upon Defendants.  *See Puett v. Blandford*, 912 F.2d
270, 275 (9th Cir. 1990); *Penton v. Pool*, 724 F. App'x 546 (9th Cir. 2018).
Accordingly, on June 8, 2023, the Court issued an order directing the United States

Marshals Service to personally serve Defendants American Heritage and US Safe Moving with a copy of the summons and Complaint at the addresses provided by Plaintiffs. (Doc. 29.)   The same day, Plaintiffs filed an Amendment to Complaint for Violation of Civil Rights, which the Court reads in conjunction with the original Complaint and not as the operative complaint. (Doc. 28.)  The Marshals Service also filed a Process Receipt and Return reflecting that it served US Safe Moving on June 22, 2023, at the address provided by Plaintiffs. (Doc. 34.)  The Marshals Service also filed a Process Receipt and Return reflecting that it served American Heritage on June 27, 2023, at the address provided by Plaintiffs. (Doc. 31.)

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants had 21 days after the date of service within which to file a responsive pleading or Rule 12(b) motion. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). On September 20, 2023, Plaintiffs filed a Motion for Court Hearing, (Doc. 35), which the Court construed as a motion for an order directing the Clerk of Court to enter default pursuant to Federal Rule of Civil Procedure 55(a), (Doc. 36 at 2). As of September 22, 2023, neither Defendant had entered an appearance in the case. Accordingly, the Court granted the motion for entry of default and directed the Clerk of Court to enter default against Defendants pursuant to Rule 55(a). (*Id.*) The Clerk of Court entered default against Defendants on September 22, 2023. (Doc. 37.)

3

On September 28, 2023, Plaintiffs filed a Motion for Default Judgment with a supporting Affidavit describing the damages Plaintiffs allegedly suffered. (Docs. 38, 38-1.) Plaintiffs' jointly signed Affidavit states that "[e]ach Defendant is to pay each Plaintiff the following amounts:" $100,000 in punitive damages; $66,000 for "132 days @ $500 per day;" $5,595.65 for "original contract;" and $4,250.00 for household goods left behind. (Doc. 38-1 at 3.) Plaintiffs request the Court enter a judgment against American Heritage for $351,691.30, and against US Safe Moving for $351,691.30. (*Id.*)

The Court explained why Plaintiffs are not entitled to non-compensatory damages and set an evidentiary hearing to determine what amount of compensatory damages, if any, Plaintiffs are entitled to for breach of contract and loss of household goods. (Doc. 39 at 6–9, 12.) The Court ordered Plaintiffs to appear in person and "present documentary and testimonial evidence supporting their claims for breach of contract damages and the replacement value of the lost household goods," including: "bank statements, check copies, bills of lading, receipts, other documents if relevant, and testimony evidencing the amount Plaintiffs actually paid to Defendants for the moving services," as well as "an itemized list of the missing goods that includes the estimated replacement value of each item, other documents if relevant, and testimony evidencing the replacement value of the

4

missing goods." (*Id.* at 12.)  The Court originally set the hearing for February 8, 2024, (*id.* at 12), but reset the hearing for February 7, (Doc. 40).

On February 6, 2024, US Safe Moving appeared for the first time and filed a Motion to Set Aside Default and Motion to Dismiss.  (Doc. 43.)  On February 7, Plaintiffs and US Safe Moving appeared for the hearing on Plaintiffs' Motion for Entry of Default Judgment.  (Doc. 44.)  The Court set a briefing schedule for US Safe Moving's Motion to Set Aside Default and Motion to Dismiss and ordered that the evidentiary hearing would be reset at a later date if necessary.  (Doc. 45.)  Plaintiffs and US Safe Moving filed a Stipulated Motion to Dismiss with Prejudice on February 8, (Doc. 46), and an Amended Stipulated Motion to Dismiss with Prejudice on February 9, (Doc. 49), explaining that Plaintiffs and US Safe Moving had reached a resolution.  Accordingly, the Court dismissed the matter with prejudice solely with respect to Defendant US Safe Moving.  (Doc. 51.)  The Court also reset the evidentiary hearing on Plaintiffs' Motion for Default Judgment against American Heritage for February 29, 2024, and ordered that, in addition to presenting documentary and testimonial evidence to support their claims for compensatory damages, Plaintiffs must demonstrate that they have not already recovered those damages from US Safe Moving.  (Doc. 50.)

On February 29, 2024, Magistrate Judge Kathleen L. DeSoto held the evidentiary hearing.  (Doc. 53.)  Plaintiff Thomas Saunders testified at the hearing

and presented an itemized list of undelivered household goods, including the estimated replacement value of each item, which totals $7,403.64.  (*See* Doc. 54-1.)  Based on the evidence and testimony presented during the hearing, Judge DeSoto recommended that Plaintiff's Motion for Default Judgment against American Heritage (Doc. 38) be granted in the amount of $7,403.64 and denied to the extent it seeks additional damages.  (Doc. 54 at 2.)  Judge DeSoto ordered that the Clerk of Court serve a copy of her Findings and Recommendation to the parties and advised the parties that any objections to the Findings and Recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen days after entry, or objection is waived.  (*Id.*)  The Clerk of Court was directed to serve a copy of the Findings and Recommendation on American Heritage by United States First Class Mail at the address provided by Plaintiffs and found on the Process Receipt and Return Form.  (*Id.* at 2–3.)

The Findings and Recommendation were entered on February 29, 2024. (*Id.*)  Fifteen days later, on March 15, American Heritage filed a Motion Objecting to Default Judgment.  (Doc. 55.)  While this filing arrived after the fourteen day window for objections, American Heritage is entitled to an additional three days because a copy of the Findings and Recommendation was delivered by mail.  Fed. R. Civ. P. 6(d).  The filing, signed by Michael Clark as "Manager" of American Heritage, states that American Heritage's "[a]ttorney in Palm Beach County,

6

Florida, was not certified to practice law in The [sic] State of Montana,

and . . . [American Heritage] Inadvertently [sic] did not receive the email in time

that it needed to obtain the services of an Attorney certified to practice law in

Montana." (*Id.* at 1.)  The filing goes on to request "at least 20 days to obtain an

attorney certified to practice law in Montana." (*Id.*)

American Heritage's filing offers very little in the way of explanation for

American Heritage's failure to appear in a timely matter, does not actually raise

any specific objections to Judge DeSoto's Findings and Recommendation, and is

improper because it was not filed by licensed counsel on behalf of American

Heritage. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.

1993) ("A corporation may appear in federal court only through licensed

counsel.").  Plaintiffs oppose the requested relief. (Doc. 56.)  The Court is not

inclined to permit American Heritage to overcome default judgment through an

improper appearance filed eight months after being served and six months after

entry of default in this matter.  American Heritage had adequate notice and failed

to act in a timely matter.  American Heritage has not filed specific objections to

Judge DeSoto's Finding and Recommendation or a proper motion to set aside entry

of default or default judgment pursuant to Federal Rules of Civil Procedure 55(c)

and 60(b).  The Court finds no clear error in Judge DeSoto's Finding and

Recommendation. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*,

656 F.2d 1309, 1313 (9th Cir. 1981) ("Absent a proper objection, this Court reviews findings and recommendations for clear error.").

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 54) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Default Judgment against American Heritage (Doc. 38) is GRANTED in the amount of $7,403.64. To the extent the Motion for Default Judgment seeks additional damages, including punitive damages, the motion is DENIED for the reasons stated in the Court's Order dated December 4, 2023 (Doc. 39).

DATED this 1st day of April, 2024.

Dana L. Christensen, District Judge
United States District Court

8